# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| **JASON ALLEN COYLE and** | : | **Bankruptcy No. 07-70686 BM** |
| **JANELLE LYNN COYLE,** | : | |
| | : | |
| **Debtors** | : | **Chapter 7** |

- - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| **JASON ALLEN COYLE,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Adversary No. 08-7058 BM** ✓ |
| | : | |
| **AES/M T ELT - PHEAA; GORDON AND** | : | |
| **WEINBERG, P.C.; SALLIE MAE;** | : | |
| **EDUCATION RESOURCES INSTITUTE;** | : | |
| **and VAN RUE CREDIT CORP.,** | : | |
| | : | **Complaint To Determine** |
| **Defendants** | : | **Discahrgeability Of Debt** |

## MEMORANDUM ORDER

**AND NOW**, this ___5___ day of **June**, 2009, it appears to the Court as follows:

(1)  Debtors Jason Coyle and Janelle Coyle married in August of 2005.  They are twenty-eight and twenty-five years old, respectively, and have no children.

Debtor Jason Coyle graduated from Bradford School of Business in December of 2000.  He then enrolled at Mount Vernon Nazarene College in September of 2001, but dropped out in January of 2003 without receiving a degree.

Debtor Jason Coyle financed his education by taking out education loans.  He presently owes Education Credit Management Corporation (ECMC) $29,181.76 in connection with some of the education loans and as of October 10, 2008, owed Sallie Mae $14,957.10 in connection with other education loans.

(2)  Debtor Jason Coyle applied for social security benefits in June of 2003, claiming that he first became disabled in August of 2001 due to numerous

physical and psychological ailments.  Social Security Administration notified debtor in February of 2005 that he became disabled in July of 2002.  On March 17, 2005, it notified him that he was eligible to receive monthly supplemental security income (SSI) payments. Debtor Jason Coyle continues receiving such monthly payments to the present time.  His SSI benefit payment presently totals $398.00 per month.

(3)    Debtors filed a voluntary joint chapter 7 petition on June 20, 2007. The bankruptcy schedules listed assets with a total declared value of $7,052.64 and liabilities totaling $130,462.47, all of which is general unsecured debt. Various education loans were listed on the schedules.
        Among other things, debtors indicated on their schedules that their joint monthly net income as of the petition date was $1,520.49 while their monthly expenses totaled $1,670.00.

(4)    Debtor Janelle Coyle has been gainfully employed throughout their marriage.  Her *net* income form her employment for 2008 was $18,964.58 as of the end of November of 2008.  A review of debtors' joint bank statements reveals that in the year 2008 they deposited a total slightly in excess of $30,000.00 into their joint account.
        Debtors received discharges on September 25, 2007.  A final decree issued and their bankruptcy case was closed shortly thereafter.  At debtors' request, their bankruptcy case was reopened on September 8, 2008, so that debtor Jason Coyle might bring the present adversary action.

(5)    Debtor Jason Coyle has commenced this adversary action seeking a determination that the above education loans are discharged pursuant to §523(a)(8) of the Bankruptcy Code.  Excluding the debts from discharge, he asserted, would impose an undue hardship on him and his wife.  The matter was tried and is now ready for decision.

(6)    For debtor Jason Coyle to prevail here, he must prove that: (1) he cannot, based on current income and expenses, maintain a "minimal" standard for himself and his dependents if he has to repay the debts; (2) additional circumstances indicate that such a state of affairs likely will persist for a significant portion of the repayment period for the educational loans; and (3) he has made a good faith effort to repay the loans. *Pennsylvania Higher Education Assistance Agency v. Faish (In re Faish*, 72 F.3d 298, 305 (3d Cir 1995).
        Debtor Jason Coyle must prove all three of these requirements for the above education loans to be discharged.  If a single requirement is not satisfied, the court's inquiry must end there with a determination that the

- 2 -

debt is not discharged. *Id.*, 72 F.3d at 305.  Equitable concerns and other extraneous factors may not be considered in this regard. *Id.*, 72 F.3d at 305.

The determination of Social Security Administration that debtor Jason Coyle is disabled *for purposes of the Social Security Act* has no bearing on whether the above requirements have been satisfied here.  It is for *this* court to determine whether, based on the evidence presented at trial in *this* case, excluding the above education loans from discharge would impose an undue hardship on debtor and his dependents.   We are not bound by any determination Social Security Administration may have made concerning debtor Jason Coyle's purported disability.

(7)   Debtor Jason Coyle has failed in this case to establish the first of the above requirements.

Debtor cited a laundry list of ailments which, he testified, prevent him from obtaining gainful employment.  Among other things, debtor claimed that he suffers from depression and persistent anxiety, has peripheral neuropathy in his right leg, has an irritable bowel and gastric paralysis, suffers sleep apnea, and has obsessive-compulsive disorder.

Debtor offered no medical evidence to support the contention that his alleged physical and psychological ailments prevent him from obtaining gainful employment and admitted that none of his doctors specifically told him that he is unable to work.  Moreover, debtor's demeanor while testifying indicates that these ailments, if they are real, are not as severe as he would have the court believe.  He testified for nearly two hours without any apparently physical or psychological difficulty.  He was lucid and relatively relaxed and displayed no signs of physical discomfort or anxiety.

Also, the income of debtor Janelle Coyle may be taken into account in determining whether debtor Jason Coyle can maintain a "minimal" standard of living if he has to repay the above education loans. See *In re White*, 243 B.R.  498, 509-10 (Bankr. N.D. Ala. 1999).  As was noted, the net income of debtor Janelle approximated $19,000.00 as of November 30, 2008.   In addition, they deposited approximately $30,000.00 into their joint bank account in 2008.  Assuming that the declaration on debtors' bankruptcy schedules that their monthly expenses totaled $1,670.00 is accurate, it is safe to say that debtor *will be able* to maintain at least a "minimal" standard of living if he has to repay the above education loans.

(8)   Debtor Jason Coyle also has failed to establish the second of the above requirements of § 523(a)(8).  For instance, he has not demonstrated that the physical and psychological ailments from which he claims to suffer will persist for a significant portion of the repayment period of the above education loans.  No evidence was produced which would indicate that any

- 3 -

of his alleged ailments will be long-lasting and will prevent him from obtaining gainful employment and earning income at some time in the future.

(9)    Finally, debtor has not demonstrated that he has made a good faith effort to repay the education loans.  To date, he has not repaid any portion of the above loans.  When asked at trial whether he had attempted to come to an "accommodation" with ECMC and Sallie Mae and work out a payment plan for the above education loans, debtor dismissively stated that he had offered to make payments of $5.00 per month.

Such an offer is far cry from a good faith effort to repay the above education loans.  The combined present income of debtors Jason Coyle and Janelle Coyle is sufficient for debtor Jason Coyle to pay substantially more than $5.00 per month.

(10)  We conclude in light of the foregoing that judgment should be entered in favor of ECMC and Sallie Mae.  The debts owed to them by debtor Jason Coyle are *not* discharged.

**AND NOW**, for reasons set forth in the recital portion of this order, it hereby is

**ORDERED, ADJUDGED** and **DECREED** that judgment **SHALL BE** and hereby is entered

**IN FAVOR OF** defendants Educational Credit Management Corporation and Sallie Mae and

**AGAINST** plaintiff/debtor Jason Coyle.  The debts owed to them by debtor Jason Coyle

are **NOT DISCHARGED**.

This adversary action **SHALL** be **CLOSED**.

It is **SO ORDERED**.

_____  6-5-09

**BERNARD MARKOVITZ**
U.S. Bankruptcy Judge

cm:    Debtor
        Michael N. Vaporis, Esquire
        Peter J. Ashcroft, Esquire
        John P. Neblett, Esquire

- 4 -

**FILED**

**JUN 5  2009**

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA